# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES JUAN PROCTOR, | ) | 3:12-cv-00328-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| DR. VAN HORN, et al., | ) | |
| Defendant(s). | ) | |

Before the court is Plaintiff's "Motion to Amend Complaint Motion to Add Terri Jacobs the Complaint." (Doc. # 49.) No response to the motion was filed.

Plaintiff's motion (Doc. # 49) does not comply with Local Rule 15-1 which requires that the proposed amended pleading must accompany his motion to amend.

Plaintiff's motion (Doc. # 49) is **DENIED without prejudice.** However, inasmuch as Plaintiff's motion was received prior to the deadline for filing motions for leave to amend (January 18, 2015; Doc. # 44), the court will afford an opportunity to file an amended complaint.

If plaintiff elects to proceed in this action by filing an amended complaint, he is instructed that his motion must be accompanied by an amended complaint. Plaintiff should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Plaintiff's claims must be set forth in <u>short and plain terms, simply, concisely and directly</u>. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. A complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v.*

*Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff must allege facts demonstrating how the conduct of the defendant resulted in a deprivation of Plaintiff's federal constitutional or statutory rights. *Ellen v. Cassidy*, 625 F.2d 277 (9th Cir. 1980).

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The Local Rules require plaintiffs appearing in *pro se*, such as Plaintiff herein, to file all of their complaints and petitions on the court's approved forms. LSR 2-1 ("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). In that regard, in allowing Plaintiff to file an amended complaint, the court will provide Plaintiff a form complaint.[1]

**IT IS THEREFORE ORDERED** that plaintiff shall have an extension of **thirty (30) days** from the date of this order to file his amended complaint in conformance with this order.

---

[1] *See also* Information and Instructions for Filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada:

"The form provides three (3) pages for alleging three (3) counts. If you are alleging more than three counts, use the additional space on the last page, and if that is not enough, then attach an additional page for each additional count (so that there is only one count per page). . . . Remember, you are limited to a total of two (2) additional pages for Part B and C; if you have more than two (2) additional pages, you will also need to file a motion seeking permission from the court to file the complaint."

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank form for filing a civil rights complaint as well as the Information and Instructions for Filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada.

**IT IS SO ORDERED.**

DATED: January 10, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE