**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES JUAN PROCTOR, | 3:12-cv-00328-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| DR. VAN HORN, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Amend Complaint (Doc. # 64 at 1-9)[1] and proposed second amended Complaint (Doc. # 64 at 10-44). Defendants have opposed the motion. (Doc. # 65.)

## I. BACKGROUND

Plaintiff's original and first amended complaints alleged that he suffered a severely broken jaw while in custody in California and upon his return to Nevada's prisons in 2010, and that he sought dental care for the pain in his mouth and for dentures. He alleges that he was advised that dentures could not be made because his jaw was too out of alignment. He was then sent from High Desert State Prison (HDSP) to Northern Nevada Correctional Center (NNCC) to determine whether he would be approved for jaw surgery.

---

[1] Refers to court's docket number.

1

Plaintiff alleges that Dr. Van Horn failed to see him on at least five occasions when dental appointments were set and then cancelled without notice, and that he wrote orders in Plaintiff's dental chart. He also claims that Jane Doe I, subsequently identified as Lois Eliot, responded to his medical slips for the dentist and conspired with Dr. Van Horn to deny Plaintiff's access to health care. Plaintiff further avers that Jane Doe II, subsequently identified as Sonja Gleason, conspired to violate his rights by setting and then cancelling without notice, at least four appointments to see the dentist.

Plaintiff also contends that he suffered chronic and sometimes acute pain in his jaw because he was denied medical care while waiting for the Utilization Review Committee and no decision about his jaw surgery had been made.  To that end, Plaintiff contends Dr. Gedney and the Utilization Review Committee delayed its decision to fix his jaw. He contends Dr. Gedney was aware of Plaintiff's condition as he kited directly to her.

Plaintiff alleges that the approval and performance of jaw surgery was delayed due to defendants' actions.

On screening, the court concluded that Plaintiff states a colorable claim under the Eighth Amendment for the delay and denial of necessary dental care against defendants Dr. Van Horn, Dr. Gedney, Lois Eliot and Sonja Gleason. The court dismissed the claim against John Peery, whom Plaintiff had alleged responded to his medical kites by advising him that he was scheduled for surgery in February 2012, but that the surgery never occurred. The court found Plaintiff was merely alleging that Peery was forwarding on information he had about the surgery, which did not amount to deliberate indifference.

///

Plaintiff now moves for leave to amend his complaint to add Terri Jacobs as a defendant and to change his suit against Dr. Gedney from her official capacity only to her individual capacity. (Doc. # 64 at 1-9.) Defendants argue that leave to amend should be denied because the amendment adding Terri Jacobs would be futile as he merely alleges that her responses to his medical kites concerning his jaw were evasive, and this does not rise to the level of deliberate indifference. (Doc. # 65.) Defendants do not address Plaintiff's request to sue Dr. Gedney in her individual capacity.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Here, the time to amend as a matter of right expired; therefore, Plaintiff properly seeks leave to amend his complaint.

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

///

///

## III. DISCUSSION

First, with respect to Plaintiff's request that he be granted leave to amend to sue Dr. Gedney in her individual capacity as well her official capacity, this request is granted.

Second, the court will address whether leave to amend should be granted to add Terri Jacobs as a defendant.

In his proposed second amended complaint, Plaintiff alleges that Terri Jacobs took over the job of Director of Nursing at NNCC for John Peery. (Doc. # 64 at 14.) He contends that on multiple occasions, he tried to get information from her, but instead of providing Plaintiff with the information he requested, she would not answer his questions. (*Id*.)

In his motion, Plaintiff states that he sent a medical kite asking whether he was going to get his jaw surgery, because the former Director of Nursing, Mr. Peery had told Plaintiff the surgery had been approved by the Utilization Review Committee. (Doc. # 64 at 1.) Ms. Jacobs responded: "You seen [sic] (Jan. 28, 2013) Dr. Gray on this date and no surgery was recommended." (*Id*., 5.) When Plaintiff received this response, he could not recall ever having seen a Dr. Gray, so he sent Ms. Jacobs another kite stating that he had been at NNCC for two and a half years, seeking approval for his jaw surgery, and informing her that he had not seen a Dr. Gray. (*Id*. at 7.) He advised her that NDOC utilizes the services of Dr. Pincock for oral surgery, and that he had seen Dr. Pincock on several occasions. (*Id*.) Plaintiff asked why he would have been seen by a Dr. Gray. (*Id*.) In response, Plaintiff was told: "You seen [sic] Dr. Gray on 1-31-13 and no surgery was written to be done." (*Id*.)

To the extent Plaintiff is alleging that Ms. Jacobs contributed to the delay in receiving his jaw surgery, his request for leave to amend to add her as a defendant to his Eighth Amendment claim for deliberate indifference to his serious medical need is granted. When he asked

4

Ms. Jacobs about the surgery she told him that he had been seen by a Dr. Gray and no surgery was scheduled. When Plaintiff sent another kite explaining to Ms. Jacobs that he had not seen a Dr. Gray, but a Dr. Pincock, she again responded that he had seen Dr. Gray and no surgery was noted. She never responded to his initial request asking when he was going to have his jaw surgery.

While Defendants characterize this conduct as merely alleging that Ms. Jacobs was evasive in her responses, Plaintiff is averring much more than that. He asked Ms. Jacobs, the Director of Nursing at NNCC, about the status of his job surgery. She responded to him that he had been seen by a Dr. Gray and that surgery had not been recommended. Plaintiff had never seen Dr. Gray, so he reasonably responded to advise her of this fact. While the allegations may not be entirely clear on first glance, the implication from the documentation attached to the proposed second amendment complaint is that Plaintiff is contending that rather than responding to him with the same incorrect information, Ms. Jacobs should have done something more to look into the matter, and the fact that she did not may have contributed to the delay in receiving the jaw surgery. When combined with the fact that John Peery had apparently informed Plaintiff that the surgery had in fact been approved, Plaintiff has stated a colorable claim that Ms. Jacobs knew of and disregarded a serious risk to Plaintiff's health in violation of the Eighth Amendment.

## IV. CONCLUSION

(1) Plaintiff's motion to amend his complaint is **GRANTED** such that Dr. Gedney may be sued in her individual (as well as official) capacity, and Terri Jacobs may be added as a defendant;

(2) The Clerk is instructed to **FILE** the Second Amended Complaint (Doc. # 64 at 10-44);

5

(3) The Office of the Attorney General is directed to advise the court within **14 DAYS** of entry of this order whether it will accept service of process on behalf of Ms. Jacobs.

**IT IS SO ORDERED**.

DATED:   February 26, 2014.

_____
**WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE**