UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES JUAN PROCTOR,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　v.<br>VAN HORN, et al.,<br>　　　　　　　　　　　　　Defendants. | Case No. 3:12-cv-00328-MMD-WGC<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE<br>WILLIAM G. COBB |

**I.   SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 116) ("R&R") relating to plaintiff's Dispositive Motion (dkt. no. 75) and defendants' Motion for Summary Judgment ("Motion") (dkt.no. 89). No objection to the R&R has been filed. Also before the Court is Defendants' motion for leave to file confidential documents in support of their Motion under seal. (Dkt. no. 88.)

**II.   DISCUSSION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a

magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

Defendants' motion to file confidential documents requests leave to file Plaintiff's medical documents under seal. The Court finds that Defendants have demonstrated good cause to support their request and grants the motion.

**III.    CONCLUSION**

It is therefore ordered that Defendants' motion for leave to file confidential documents under seal (dkt. no. 88) is granted.

It is ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 116) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Dispositive Motion (dkt. no. 75) is denied.

It is further ordered that Defendants' Motion (dkt. no. 89) is granted in part and denied in part as follows:

(1)    The Motion is granted as to Plaintiff's claim against defendant Lois Elliott;

///

2

(2) The Motion is granted as to Plaintiff's claim against defendant Sonja Missy Gleason ("Gleason") related to her responses to Plaintiff's June and July 2011 kites, and related to his claims regarding the cancellation of his appointments in August and early September 2011;

(3) The Motion is denied as to Plaintiff's claim against defendant Gleason related to her responses to Plaintiff's kites in October, November and December 2011, and the delay in Plaintiff being seen regarding his complaints of pain during that time;

(4) The Motion is denied as to Plaintiff's claim against Dr. Van Horn related to Plaintiff's kites in October, November and December 2011 and the delay in Plaintiff being seen regarding his complaints of pain during that time; the Motion is otherwise granted as to Dr. Van Horn;

(5) The Motion is granted as to Dr. Karen Gedney;

(6) The Motion is granted as to defendant Terri Jacobs;

(7) The Motion is granted insofar as Plaintiff seeks to recover money damages against Defendants in their official capacities.

In sum, the following claims remain for trial: Plaintiff's claim against defendant Gleason related to her responses to Plaintiff's kites in October, November and December 2011, and the delay in Plaintiff being seen regarding his complaints of pain during that time; and Plaintiff's claim against Dr. Van Horn related to Plaintiff's kites in October, November and December 2011 and the delay in Plaintiff being seen regarding his complaints of pain during that time.

DATED THIS 26th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE