# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES JUAN PROCTOR, | ) | 3:12-cv-00328-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re ECF No. 143** |
| DR. VAN HORN, et al., | ) | |
| Defendant(s). | ) | |

Before the court is Plaintiff's "Motion for Production of Video Tapes in My Living Unit's Cameras, on September 23, 2015." (ECF No. 143.)[1] Also before the court are two accompanying declarations. (ECF Nos. 141 and 142.) Because the parties' Joint Pretrial Order is due on October 12, 2015, the court will address Plaintiff's motion and accompanying declarations prior to Defendants responding.

Plaintiff's motion seeks production of Northern Nevada Correctional Center (NNCC) video tapes which he states will show that Jon Perry, an NNCC Director of Nursing, came to Plaintiff's cell. Perry allegedly made a proposal to Plaintiff about his receiving surgery in consideration of Plaintiff's abandoning certain monetary claims of relief associated with his lawsuit. Plaintiff seeks production of not only the tapes which he claims would show the Perry visit, but also other video tapes of the same time period. Plaintiff claims the videos would support his claim of Perry's offer. (ECF No. 143 at 2.)

///

///

---

[1] Refers to court's docket number.

First, the court fails to see how the tapes, if such were even available, would confirm the alleged settlement proposal. At most, the tapes would show Perry in the vicinity of Plaintiff's cell. There is no indication the tapes would include *audio* recordings. What Perry did or did not say would not be contained in video tapes.

Secondly, the settlement proposal, assuming it was made, came from Jon Perry, a non-party. Plaintiff fails to connect how the discussion would be relevant to his claims as against Defendants Gleason and/or Van Horn. According to District Judge Miranda Ma. Du's Order adopting this court's Report and Recommendation, the claims which survived summary judgment and which were allowed to proceed against these Defendants were:

(1) Claims against Defendant Gleason "related to her responses to Plaintiff's kites in October, November and December 2011 and the delay in Plaintiff being seen regarding his complaints of pain <u>during that time</u>"; and,

(2) Claims against Dr. Van Horn "related to Plaintiff's kites in October, November and December 2011 and the delay in Plaintiff being seen regarding his complaints of pain <u>during that time</u>."

(ECF No. 117 at 3; emphasis added.)

Although Plaintiff attempts to demonstrate the relevance between NDOC response time to certain other kites (ECF No. 141), the court cannot discern the connection between NDOC's response to other kites to the subject of this litigation.

The relevance of the September 23, 2015 videos to Plaintiff's causes of action against Defendants Gleason and Van Horn thereof is absent. Plaintiff's motion (ECF No. 143) is **DENIED.** Defendants are not obligated to produce the requested videos to Plaintiff.[2]

This order does not extend to whether Plaintiff can offer testimony at trial as to the alleged Perry conversations or even whether Plaintiff may subpoena to trial the records custodian who might have possession of the videos. Those issues are subject to Judge Du's discretion when evaluating the parties'

---

[2] Indeed, it is doubtful the Defendants in this action, Gleason (dental technician) and Van Horn (dentist), would even have access to the requested videos, as each is in the field of health services and not security, supervision or surveillance.

Joint Pretrial Order and/or at trial.

**IT IS SO ORDERED.**

DATED:   October 9, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE