UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES JUAN PROCTOR, | ) | 3:12-cv-00328-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | December 15, 2015 |
| DR. VAN HORN, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN    REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Motion to the Court Concerning Individual Pretrial Order. (ECF No. 154.) Plaintiff states the second proposed JPTO sent to him by Defendants is almost identical to the first one with the exception of the type of trial to take place. Plaintiff claims he did not understand much of the first JPTO sent to him and what he did understand, he disagreed with. He states "why would I be willing to sign a (JPTO) that is more harmful to me than helpful." (*Id*., at 1.) Plaintiff therefore seeks an order of court that he be allowed to prepare his own individual Joint Pretrial Order (JPTO). The court will not accept separate pre-trial orders; as required by Local Rule 16-3(c), the Pre-Trial Order is to be a joint submission.[1]

An expedited hearing concerning this matter has been set for **Thursday, December 17, 2015 at 10:00 a.m.,** in Reno Courtroom 2 before Magistrate Judge William G. Cobb. The Office of the Attorney General shall arrange for the Plaintiff to be present by telephone and shall contact the courtroom administrator, Katie Lynn Ogden, at (775) 686-5758 or Katie_Ogden@nvd.uscourts.gov, at least two (2) days prior to the hearing to advise her of the number where Plaintiff may be reached at the time of the hearing. Counsel for Defendants shall submit a copy of the most recent draft Joint Pretrial Order to the court in advance of the hearing.

Plaintiff's motion (ECF No. 154) is **DENIED**.

///

---

[1] An extract of Local Rules 16-3 and 16-4 is attached to this order.

**MINUTES OF THE COURT**
3:12-cv-00328-WGC
Date:  December 15, 2015
Page 2

      Last, attached to Plaintiff's motion is a "Change of Address" noting that Plaintiff will be transferred to Lovelock Correctional Center on "January 15, 2015" (sic).  (ECF No. 154 at 4.)  The court cannot accept prospective changes of addresses.  Plaintiff shall file a new Notice of Change of Address once he has been transferred.

      **IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK

                                    By:    /s/
                                                 Deputy Clerk

**LR 16-3. PRETRIAL ORDER, MOTIONS *IN LIMINE*, AND TRIAL SETTING.**

(a) The scheduling order may set the date for submitting the joint pretrial order, if required by the Court.

(b) Unless otherwise ordered by the Court, motions *in limine* are due thirty (30) days prior to trial. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Replies will be allowed only with leave of the Court.

(c) Upon the initiative of counsel for plaintiff, counsel who will try the case and who are authorized to make binding stipulations shall personally discuss settlement and prepare and lodge with the Court a proposed joint pretrial order containing the following:

(1) A concise statement of the nature of the action and the contentions of the parties;

(2) A statement as to the jurisdiction of the Court with specific legal citations;

(3) A statement of all uncontested facts deemed material in the action;

(4) A statement of the contested issues of fact in the case as agreed upon by the parties;

(5) A statement of the contested issues of law in the case as agreed upon by the parties;

(6) Plaintiff's statement of any other issues of fact or law deemed to be material;

(7) Defendant's statement of any other issues of fact or law deemed to be material;

(8) Lists or schedules of all exhibits that will be offered in evidence by the parties at the trial. Such lists or schedules shall describe the exhibits sufficiently for ready identification and:

(A) Identify the exhibits the parties agree can be admitted at trial; and,

(B) List those exhibits to which objection is made and state the grounds therefore. Stipulations as to admissibility, authenticity and/or identification of documents shall be made whenever possible;

(9) A statement by each party identifying any depositions intended to be offered at the trial, except for impeachment purposes, and designating the portions of the deposition to be offered;

(10) A statement of the objections, and the grounds therefore, to deposition testimony the opposing party has designated;

(11) A list of witnesses, with their addresses, who may be called at the trial. Such list may not include witnesses whose identities were not, but should have been revealed in response to permitted discovery unless the Court, for good cause and on such conditions as are just, otherwise orders; and,

(12) A list of motions *in limine* filed, if any.

(d) Except when offered for impeachment purposes, no exhibit shall be received and no witnesses shall be permitted to testify at the trial unless listed in the pretrial order. However, for good cause shown, the Court may allow an exception to this provision.

**LR 16-4. FORM OF PRETRIAL ORDER.**

Unless otherwise ordered, the pretrial order shall be in the following form:

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,          )
          Plaintiff,          )   CASE NO. _____
                                      )
                                      )
vs.                                   )
                                      )
                                      )
_____,          )   PRETRIAL ORDER
          Defendant.          )
                                      )
_____ )

Following pretrial proceedings in this cause,

IT IS ORDERED:

I.

This is an action for: (State nature of action, relief sought, identification and contentions of parties.)

II.

Statement of jurisdiction: (State the facts and cite the statutes which give this Court jurisdiction of the Case.)

III.

The following facts are admitted by the parties and require no proof:
_____
_____
_____

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:
_____
_____
_____

V.

The following are the issues of fact to be tried and determined upon trial.[1] (Each issue of fact must be stated separately and in specific terms.)

_____
_____
_____

VI.

The following are the issues of law to be to be tried and determined upon trial.[2] (Each issue of law must be stated separately and in specific terms.)

_____
_____
_____

    (a)    The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

        (1)    Plaintiff's exhibits.

        (2)    Defendant's exhibits.

    (b)    As to the following additional exhibits the parties have reached the stipulations stated:

        (1)    Set forth stipulations as to plaintiff's exhibits.

        (2)    Set forth stipulations as to defendant's exhibits.

    (c)    As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

        (1)    Set forth objections to plaintiff's exhibits.

        (2)    Set forth objections to defendant's exhibits.

    (d)    Depositions:

        (1)    Plaintiff will offer the following depositions: (Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.)

        (2)    Defendant will offer the following depositions: (Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.)

---

[1] Should counsel be unable to agree upon the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

[2] Should counsel be unable to agree upon the statement of issues of law, the joint pretrial order should include separate statements of issues of law to be tried and determined upon trial.

    (e)    Objections to Depositions:

        (1)    Defendant objects to plaintiff's deposition as follows:

_____
_____
_____

        (2)    Plaintiff objects to defendant's depositions as follows:

_____
_____
_____

VIII.

The following witnesses may be called by the parties upon trial:

    (a)    State names and addresses of plaintiff's witnesses.

    (b)    State names and addresses of defendant's witnesses.

IX.

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

_____  _____  _____

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

X.

It is estimated that the trial herein will take a total of _____ days.

APPROVED AS TO FORM AND CONTENT:

_____
Attorney for Plaintiff

_____
Attorney for Defendant

XI.

ACTION BY THE COURT

    (a)    This case is set down for Court/jury trial on the fixed/stacked calendar on _____.
             Calendar call shall be held on _____.

(b) An original and two (2) copies of each trial brief shall be submitted to the Clerk on or before_____.

(c) Jury trials:

(1) An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before _____.

(2) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on *voir dire* shall be submitted to the Clerk for filing on or before _____.

(d) Court trials:

Proposed findings of fact and conclusions of law shall be filed on or before _____.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED: _____.


_____
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE