UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES JUAN PROCTOR,    ) | 3:12-cv-00328-WGC |
| ) | |
| Plaintiff,    ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs.    ) | March 10, 2016 |
| ) | |
| DR. VAN HORN and    ) | |
| SONJA MISSY GLEASON,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    <u>Katie Lynn Ogden</u>      REPORTER:       <u>FTR</u>

COUNSEL FOR PLAINTIFF:   <u>Charles Juan Proctor, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANTS:   <u>Andrea Barraclough (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:34 p.m.  Court convenes.

   The court holds today's hearing to address Plaintiff's "Motion to Compel Lovelock Correctional Center, (L.C.C.), to Allow Me to Review My Confidential Documents As Described in Court [Document 164]."  (ECF No. 173.)

   Before discussing Plaintiff's motion, the court confirms with Mr. Proctor that he has recently been transferred to Ely State Prison ("ESP") from Lovelock Correctional Center ("LCC").  Mr. Proctor informs the court he was recently transferred to ESP and had just received his property yesterday.  Mr. Proctor advises the court he will submit a notice of change of address as soon as he is able.

   The court and parties next address Mr. Proctor's motion and his assertions that he was unable to review his medical files in the Warden's Office at LCC as ordered by the court on January 15, 2016 (ECF No. 164).

   DAG Barraclough indicates that, if she understand Mr. Proctor correctly, the medical files he is referring to and wishes to review are those which will be contained in the trial exhibit

1

Minutes of Proceedings
3:12-cv-00328-WGC
March 10, 2016

binder.  DAG Barraclough informs the court, as of today's date, the trial exhibit binder has not been produced.

     The court clarifies that the trial exhibit binder includes only those exhibits that are identified in the pretrial order (ECF No. 165) at ¶ VII.  Mr. Proctor confirms it was his intention when submitting his kite at LCC that he would only review the medical records identified in the pretrial order.  Mr. Proctor informs the court that the day before being transferred to ESP, he was permitted to review his medical files; however, many of the documents had very little to do with the confidential records he and DAG Barraclough identified for the pretrial order.

     DAG Barraclough indicates she will provide the trial exhibit binder to ESP within a week so that Mr. Proctor has access to them via submitting a kite to the warden's office.

     The court and parties next address specific documents related to the exhibit list in the pretrial order.  The court suggest the parties meet and confer to discuss any potential changes to the exhibits identified in pretrial order.  The parties shall submit an amended pretrial order to the court if changes are made.

     The court requests DAG Barraclough to verify that ESP is aware of the upcoming settlement conference in this matter scheduled for Monday, April 11, 2016, at 9:00 a.m. and that the logistics for the video conferencing is secured.  Furthermore, the court directs DAG Barraclough to advise the Warden's Office at ESP that Mr. Proctor shall have available to him the trial exhibit binder during the settlement conference.  DAG Barraclough agrees to do so.

     In view of the agreement to provide ESP with the trial exhibit binder containing the documents identified in ¶ VII of the pretrial order and that Mr. Proctor shall have access to the binder during the upcoming settlement conference, Plaintiff's "Motion to Compel Lovelock Correctional Center, (L.C.C.), to Allow Me to Review My Confidential Documents As Described in Court [Document 164]"  (ECF No. 173) is hereby resolved and Plaintiff's motion is denied as moot.

**IT IS SO ORDERED.**

1:53 p.m.  Court adjourns.

                                      LANCE S. WILSON, CLERK

                                      By: _____/s/_____
                                          Katie Lynn Ogden, Deputy Clerk